IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALARM.COM INCORPORATED and ICN ACQUISITION, LLC, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-00004-JRG-RSP |
| VIVINT, INC., | § § § | |
| *Defendant*. | § § | |

**DISCOVERY ORDER**

After reviewing the pleaded claims and defenses in this action, the Court enters this Discovery Order in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16. If Defendant Vivint, Inc.'s counterclaims (Dkt. No. 24) are severed from the main demand, the Court may, upon motion, reconsider this Discovery Order. Resolving the disputes in the Joint Motion (**Dkt. No. 44**), it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered

    in this action or to indemnify or reimburse for payments made to satisfy the

    judgment;

  (f)  any settlement agreements relevant to the subject matter of this action; and

  (g)  any statement of any party to the litigation.

2.  **Disclosure of Expert Testimony.**[1] A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

  (a)  if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

  (b)  for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3.  **Additional Disclosures.** Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

  (a)  provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

    i.  If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.
[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

                        asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

           ii.    If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)    produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)    provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4.    **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5.    **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

(a) **Definitions and Application**. As used herein, "side" means Vivint on one hand, and on the other hand, all three of Alarm.com, ICN, and ADT collectively. Unless indicated otherwise below, the following provisions apply collectively to Plaintiffs' claims and Vivint's counterclaims, in combination.[3]

(b) **Interrogatories**: 50 interrogatories per side. The parties agree that interrogatories seeking information that pertains to more than one asserted patent, or more than one patent claim, or more than one accused product will not constitute multiple discrete subparts under Federal Rule of Civil Procedure 33(a)(1), unless the interrogatory in facts asks different questions about different patents, claims, or accused products.

(c) **Requests for Admission**: 50 requests for admission per side. These limits do not apply to Requests for Admission that seek an admission as to the authenticity and/or admissibility of a particular document or thing. Such Requests for Admission as to authenticity and/or admissibility will be unlimited, clearly denoted as such, and served separately from other Requests for Admission.

**(d) Depositions:**

    i. **Fact Depositions**: 220 fact deposition hours, including Rule 30(b)(6), party, and non-party depositions.

    ii. **Expert Depositions**: 9 expert witnesses per side. Each side is permitted a deposition of each of the other side's experts for up to seven (7) deposition hours for each expert report submitted by that expert (e.g., validity, infringement, damages).

---

[3] ADC, ICN and ADT will be seeking to sever Vivint's counterclaims from ADC and ICN's claims in a forthcoming motion. If the motion to sever is granted, then ADT will not be part of this case.

      iii.    All 30(b)(1) depositions shall be limited to seven hours in accordance with the Federal Rules of Civil Procedure, except that experts who submit multiple reports may be deposed for longer as set forth in section (i) above.

      iv.    No deposition of a single given witness shall run more than 7 deposition hours on a single day absent prior agreement of the concerned parties. Depositions on written questions of custodians of business records for non-parties for purposes of establishing authenticity of a document are unlimited.

      v.    Depositions on written questions of custodians of business records for third parties are also permitted but are not included in the limits in subparagraph d(i).

      vi.    **Remote Depositions.** A party or witness noticed for a remote video deposition may not object to the occurrence of the deposition on the grounds that it will not be conducted in person. The parties agree to cooperate in good faith on the taking of remote depositions where compelling in-person testimony would cause unnecessary hardship or complication.

  (e)    **Modifications:** Any party may later move to modify these limitations for good cause.

**6.**    **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess

the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a)  Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written

statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

- 8 -

    (e)    Any change to a party's lead attorney designation must be accomplished by motion and order.

    (f)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.    **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.    **Proposed Stipulations by the Parties Regarding Discovery.**

    (a)    **Privileged Documents and Information Created or Conveyed After Filing of the Complaint.** The parties agree that documents or information (i) created or conveyed internal to a party or between a party and their attorney of record in this matter subsequent to the filing of the Complaint and (ii) that are protected by the attorney-client privilege or the work product doctrine, do not have to be identified on a privilege log except as provided under Local Patent Rule 3-7. This agreement shall not preclude either party from filing a motion to compel a privilege log of documents or information otherwise subject to this clause, or the parties from modifying this exclusion by mutual agreement.

    (b)    **Non-Party Discovery**. A party that issues a subpoena on a person or entity not a party to this case (a "Non-Party") shall immediately provide a copy to the other parties. Counsel for all parties shall be entitled to attend any Non-Party depositions noticed in this case. A party who receives documents from a Non-Party pursuant to a subpoena will reproduce those documents to the other parties within five (5) calendar days, unless a deposition of the Non-Party is scheduled to take place within the next week, in which case the documents must be reproduced within one (1) calendar day. Where reproduction of documents within the foregoing time limits is not possible, the party who received the documents will provide immediate notice to the other parties and will work in good faith to resolve the issue on a case-by-case basis, including by agreeing to move the date of a Non-Party deposition if necessary. This section does not change the existing obligations and requirements set forth in Fed. R. Civ. P. 45, or other Federal Rules of Civil Procedure.

    (c)    **Service**. The parties agree to electronic service of all correspondence, documents filed under seal, written discovery requests, and responses to written discovery requests. Documents filed under seal will be immediately served on all counsel of record by email or other electronic means. The parties agree that electronic service shall be subject to Local Rule CV-5(a)(3)(C-D). Documents are timely served by email where the e-mail is sent by 11:59 p.m. Central Time on the date due. Per Local Rule CV-5(d), documents e-mailed after 5:00 p.m. Central Time shall be deemed served on the following day for purposes of calculating a response date to the document served.

    (d)    **Expert Discovery.** The parties agree that drafts of any expert report, declaration, or disclosure, including drafts of reports, as well as any notes made by experts, are protected work product and shall not be discoverable regardless of the form of the draft

and notes, unless the expert relies on the aforementioned as a basis for his or her opinion and the information contained is not otherwise disclosed pursuant to Paragraph 2 of this Order. The parties further agree that communications of any form relating to this action between (a) a party to these actions, a representative of a party, or the parties' attorneys and (b) the parties' expert(s), whether testifying or non-testifying, are protected work product and shall not be discoverable, except to the extent the communications identify facts, data, or assumptions that the parties' attorneys provided and that the expert(s) relied upon in forming any opinions expressed or to be expressed in an expert report or trial testimony and are not otherwise disclosed pursuant to Paragraph 2 of this Order.

(e) **Inadvertent Disclosure.** Pursuant to Federal Rule of Evidence 502(d), inadvertent production of materials covered by the attorney-client privilege or work-product protection is not a waiver in this or any other proceeding. In case of inadvertent production, at the producing party's request, the receiving party shall immediately return or destroy the inadvertently produced materials. The producing party will provide a privilege log in accordance with Paragraph 6.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's websiteat http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the

parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**SIGNED this 30th day of March, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE