IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALARM.COM INCORPORATED and ICN ACQUISITION, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> VIVINT, INC., <br><br> *Defendant*. | § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION NO. 2:23-CV-00004-JRG-RSP <br> § <br> § <br> § <br> § <br> § |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Vivint, Inc.'s Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) ("Motion"). **Dkt. No. 19**. The motion is fully briefed. Dkt. No. 31 ("Response"), Dkt. No. 34 ("Reply"), Dkt. No. 38 ("Sur-Reply"). For the following reasons, the Motion to Dismiss (**Dkt. No. 19**) should be **DENIED**.

**I.    BACKGROUND**

Plaintiffs Alarm.com Incorporated ("ADC") and ICN Acquisition, LLC ("ICN") (collectively, "Plaintiffs") filed suit January 4, 2023, alleging that certain Vivint security system products and services infringe U.S. Patent Nos. 9,064,394, 9,665,778, 11,354,908, 10,915,758, 9,196,148, 10,026,300, 7,457,834, 7,536,388, 7,941,188, 9,558,447, 8,612,591, 9,172,553, 9,141,276, 8,335,842, and 8,860,804 (collectively, the "Asserted Patents"). Dkt. No. 1 ("Complaint") at ¶ 5.

In the Motion, Vivint summarizes the ownership of the information of the Asserted Patents and categorizes them into two groups. The first group includes U.S. Patent Nos. 9,064,394, 9,665,778, 11,354,908, 10,915,758, 9,196,148, 10,026,300, 7,457,834, 7,536,388, 7,941,188, 9,558,447, and 8,860,804, which are assigned to ADC (collectively, the "ADC

Patents"). The second group includes U.S. Patent Nos. 8,335,842, 8,612,591, 9,141,276, and 9,172,553, which are assigned to ICN (collectively, the "ICN Patents"). A chart displaying the ownership information from the Motion has been reproduced below for reference.

| Patent | Issue Date | Last Assignor | Current Owner | Date Acquired |
|---|---|---|---|---|
| 9,064,394 | 6/23/2015 | n/a | Alarm.com | (original owner) |
| 9,196,148 | 11/24/2015 | n/a | Alarm.com | (original owner) |
| 9,665,778 | 5/30/2017 | n/a | Alarm.com | (original owner) |
| 10,026,300 | 7/17/2018 | n/a | Alarm.com | (original owner) |
| 10,915,758 | 7/1/2019 | n/a | Alarm.com | (original owner) |
| 11,354,908 | 2/5/2021 | n/a | Alarm.com | (original owner) |
| 8,860,804 | 10/14/2014 | JTT Investment Partners | Alarm.com | 4/13/2017 |
| 7,457,834 | 11/25/2008 | JTT Investment Partners | Alarm.com | 12/30/2022 |
| 7,536,388 | 5/19/2009 | JTT Investment Partners | Alarm.com | 12/30/2022 |
| 7,941,188 | 5/10/2011 | JTT Investment Partners | Alarm.com | 12/30/2022 |
| 9,558,447 | 1/31/2017 | JTT Investment Partners | Alarm.com | 12/30/2022 |
| 8,335,842 | 12/18/2012 | iControl Networks | ICN | 3/8/2017 |
| 8,612,591 | 12/17/2013 | iControl Networks | ICN | 3/8/2017 |
| 9,141,276 | 9/22/2015 | iControl Networks | ICN | 3/8/2017 |
| 9,172,553 | 10/27/2015 | iControl Networks | ICN | 3/8/2017 |

Vivint moves to dismiss parts of this case on two separate grounds: (1) under Rule 12(b)(1) because ADC allegedly lacks standing to join in the assertion of ICN's patents; and (2) under Rule 12(b)(6) because Plaintiffs allegedly fail to adequately plead pre-suit knowledge for willfulness.

II.   LAW

    A.  Standing and Statutory Prerequisite

In patent cases, there are two separate requirements: (1) Constitutional standing under Article III, which establishes when a plaintiff may invoke judicial power and implicates the Court's subject matter jurisdiction; and (2) the statutory prerequisite (*i.e.*, "statutory standing" formerly referred to as "prudential standing") under 35 U.S.C. § 281, which establishes when a party may obtain relief under the patent laws and does not implicate subject matter jurisdiction.

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4, 134 S.Ct. 1377, 188 L.Ed.2d 392 (2014)); *see also Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1071 (Fed. Cir. 2020).

To establish Constitutional standing, a plaintiff must show, at a minimum, that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *See Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Intellectual Property Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1345-47 (Fed. Cir. 2001). "[G]eneral factual allegations of injury … may suffice, for on a motion to dismiss," the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561.

To satisfy the statutory requirement to pursue an infringement action, a party must show that it possesses the necessary rights as a "patentee" under 35 U.S.C. § 281. A "patentee" includes "not only the patentee to whom the patent issued but also the successors in title to the patentee." 35 U.S.C. § 100(d). "[W]hether one qualifies as a patentee under 35 U.S.C. § 281 is a statutory prerequisite to the right to relief in a patent infringement action, but does not implicate the district court's subject matter jurisdiction." *Schwendimann*, 959 F.3d at 1071 (citing *Lone Star*, 925 F.3d at 1299). "If the party asserting infringement is not the patent's original patentee, the critical determination regarding a party's ability to sue in its own name is whether an agreement transferring patent rights to that party is, in effect, an assignment or a mere license." *Lone Star*, 925 F.3d at 1229 (internal quotation marks and citation omitted). "In *Independent Wireless*, the Supreme Court acknowledged that licensees cannot bring suit in their

3

own name." *Id.* at 1236 (citing *Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 466–68 (1926)). "But the Court also concluded that an exclusive licensee should be able to join the patent owner, involuntarily if need be, to maintain suit." *Id.* (citing *Indep. Wireless*, 269 U.S. at 473).

### B.  Rule 12(b)(6) Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint if it "fails to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6); *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 826 (E.D. Tex. 2019). In evaluating a motion to dismiss, the Court must "accept all well-pleaded facts in the complaint as true and view the facts in the light most favorable to the plaintiff." *Motiva Patents*, 408 F. Supp. at 827 (quoting *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 304 (5th Cir. 2019)). The plausibility standard "does not give district courts license to look behind [a complaint's] allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n. 44 (5th Cir.2011)). Nevertheless, the Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.2010).

The "plaintiff is generally required to provide 'only a plausible "short and plain" statement of the plaintiff's claim, not an exposition of [the plaintiff's] legal argument.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 936 (E.D. Tex. 2016) (Bryson, J.) (quoting *Sinner v. Switzer*, 562 U.S. 521, 530 (2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). The standard

4

"simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 545. "The factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 498 (5th Cir.2015) (quoting *Twombly*, 550 U.S. at 555).

### III.  ANALYSIS

#### A.  ADC's Ability to Join ICN in Asserting the ICN Patents

Vivint argues that ADC fails to plead standing to join ICN in asserting the ICN Patents against Vivint. Motion at 7. Vivint acknowledges the Complaint identifies ICN as a wholly owned subsidiary ADC but argues that relationship is insufficient. According to Vivint, since ADC is neither the patent owner, nor an exclusive licensee, it has no standing to join the action in asserting the ICN Patents. *Id.* (citing *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000)).

In response, Plaintiffs concede that ADC is not the owner of the ICN Patents but contend that it is an implied exclusive licensee of the ICN Patents. Response at 3–6. To support their theory, Plaintiffs request that the Court take judicial notice of another case involving Plaintiffs, in which the court analyzed evidence and summary judgment and found facts supported that ICN granted an implied exclusive license to ADC for the ICN Patents.

The Court finds that the allegations in the Complaint regarding the relationship between ADC and ICN can be cured by filing an amended complaint.

#### B.  Plaintiffs Adequately Allege Pre-Suit Willfulness

Next, Vivint argues that the Complaint alleges Vivint has actual pre-suit knowledge of the Asserted Patents based solely on the fact that "Vivint and ADC are competitors in the home security automation market." Motion at 10; Complaint at ¶¶ 53, 69, 83, 98, 114, 129, 145, 161,

178, 193, 207, 222, 251, 266. Vivint also contends that the Complaint fails to plausibly allege that Vivint was willfully blind of the Patents or infringing conduct.

In response, Plaintiffs assert that they have satisfied the plausibility requirement to allege pre-suit willfulness based on their longstanding relationship and cross-licensing efforts with Vivint extending back to 2013, in addition to their status as competitors. Response at 6–10.

Section 284 of the Patent Act gives district courts discretion to "increase the damages up to three times the amount found or assessed" to punish willful or bad-faith infringement. 35 U.S.C. § 284; *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 100 (2016). "Awards of enhanced damages [for willful infringement] under the Patent Act over the paste 180 years establish that they are not to be meted out in a typical infringement case, but are instead designed as a punitive or vindictive sanction for egregious infringement behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103, 136 S. Ct. 1923, 195 L. Ed. 2d 278 (2016) (citations omitted). "A plaintiff need not plead facts demonstrating egregious conduct to establish a claim for willful infringement at the 12(b)(6) stage." *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-CV-00172, 2022 WL 610796, at *6 (E.D. Tex. 2022 Jan. 24, 2022).

Here, the Complaint plainly alleges Vivint had knowledge of the Asserted Patents and knowledge that its conduct was infringing. Complaint at ¶¶ 53, 55, 69, 71, 83, 85, 98, 100, 114, 116, 129, 131, 145, 147, 161, 163, 178, 180, 193, 195, 207, 209, 222, 224, 236, 238, 251, 253, 266, 268. The Complaint also pleads facts regarding Plaintiffs' long relationship with Vivint, which includes a cross-licensing agreement in 2013, overlap in technologies between the parties, identifies that Vivint's decision to discontinue license fees, and identifies at least one other legal proceeding between the parties. *See* Complaint ¶¶ 2–24, n.2. Taken together, those facts are sufficient to plausibly allege willful infringement. Further, "facts bearing on willfulness are

6

likely to be, in large measure, in the possession of the defendant and available to the plaintiff only through discovery." *IOENGINE, LLC v. PayPal Holdings, Inc.*, 2019 WL 330515, at *8 (D. Del. Jan. 25, 2019) (Bryson, J., sitting by designation). Nothing more is required at this stage.

## IV.     CONCLUSION

Plaintiffs are **ORDERED** to file an amended complaint addressing the relationship between ADC and ICN.

It is **RECOMMENDED** that Vivint's Motion to Dismiss (**Dkt. No. 19**) be **DENIED** as to Plaintiffs' allegations of pre-suit willfulness. It is further recommended the Motion to Dismiss (**Dkt. No. 19**) be **DENIED WITHOUT PREJUDICE** as to ADC's ability to join ICN in asserting the ICN Patents. The motion may be reurged if Vivint does not believe that Plaintiffs' amended complaint cures the alleged deficiency.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 6th day of September, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE